# JANUARY 14, 1942

° C. W. BARKER V. THE STATE.

No. 21816. Delivered January 14, 1942.

The opinion states the case.

*R. T. Correll,* of Perryton, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of wilfully setting fire to another's fence and fined $25.00 by the County Court of Ochiltree County.

This case was before the court in a former appeal in which it was held that the complaint and information were defective in that they failed to allege that appellant set fire to the fence of another "so as to cause loss or injury to another." The prosecution was ordered dismissed. A new complaint was filed, but the facts are the same as in the former appeal. The only question before us now is the sufficiency of the evidence to support the conviction.

But two witnesses testified, Mrs. J. W. Moore, Jr., the wife of the injured party, and E. N. Flathers, a neighbor. Mrs. Moore testified that she and her husband owned Section 299 in

Block 43 in Ochiltree County and that appellant owns a section of land just east of it. Between the two sections is a roadway forty feet wide. Each party owns his own fence, the appellant on the east side of the road and the injured party on the west, the road running north and south. On the date alleged Mrs. Moore observed smoke in the direction of their fence on the east line and made a trip to the scene to investigate. The appellant was in his field some distance away (note that it was a section of land) and was engaged in burning thistles on the terraced ridges in his cultivated land. Apparently the Moore fence was not at that time reached by the fire. Later the witness returned and found that it was. On this point Flathers testified that the fire had first burned through appellant's fence and across a forty foot road to reach the fence of Moore. This seems to be borne out by Mrs. Moore's testimony herein referred to. On the second visit the witness found appellant's three children fighting the fire on their father's fence, but not on the Moore fence. The witness then engaged herself in fighting the fire on her own fence, the greater portion of which was destroyed. Appellant was engaged all the while at some place on his farm still putting out fire to burn the thistles. On cross examination the witness said:

"I never at any time saw C. W. Barker setting out fire any place except on his own land. I never saw him at any time near our fence that day nor setting any fire near our fence. I never saw him setting our fence afire and I would not say that he did set it afire. I first noticed the smoke just testified about about 1:00 or 1:30 o'clock in the afternoon."

It appears from Flather's testimony that he lived immediately south of the Moore tract and about the same time he was burning thistles on his land. Discovering the fire near the Moore land he went up close to it and saw that the thistles were afire, finding the thistles on Barker's place burned next to his fence and that the fire had run out in Barker's field quite a way. At this time the fire had not reached Moore's fence. He later made investigation, at which time he found the Moore's fence burning solid while the lane and appellant's fence were also on fire. Some two or three weeks, probably longer, before this appellant had told this witness he was going to burn the whole lane out because the thistles were blocking his road. This witness further testified on cross examination as follows:

"I never saw Barker setting out fire except I saw him burning thistles on his own land. In order for the fire to reach Moore's fence it would first burn through Barker's fence and across the lane before reaching Moore's fence. This lane runs north and south and is about forty feet wide to the best of my judgment. On March 8th the wind was from the south, but varied from southeast to southwest, switching around both ways and varying from the southeast to the southwest."

While this evidence might indicate some recklessness sufficient for a basis of a civil action for negligence, we find in it no evidence of intention on the part of appellant to set fire to the Moore fence. In fact, there is not a circumstance to create a suspicion that it was intentional. His own fence is definitely shown to be between the place where he started the fire and the fence for the burning of which he is being prosecuted.

Mrs. Moore didn't see him and if she is unable to say that he set fire to her husband's fence and the other witness gives no evidence to that effect whatever, the jury would not be justified in reaching such conclusion. The criminal courts may not be resorted to for the purpose of punishing one for negligent conduct not defined by statutory law as criminal negligence and we know of no article of the statute under which a prosecution under the facts of this case may be maintained.

The judgment of the trial court is reversed and the cause remanded.